## State v. Carr
### Case No. WD-89-41
### Wood County (6th)
### Decided January 19, 1990
[Cite as 1 AOA 210]

*Messrs. Lane D. Williamson and Timothy J. Brown, Counsel for Appellant,*

*Mr. Alan R. Mayberry, Prosecuting Attorney, by Mr. Gene v. Tiell, Assistant Prosecuting Attorney, for Appellee.*

ABOOD, J.

This is an appeal of a judgment of the Wood County Court of Common Pleas, Juvenile Division, in which appellant was adjudicated delinquent for a violation of R.C. 2913.03, unauthorized use of a motor vehicle.

Appellant sets forth three assignments of error:

"A. THE COMMON PLEAS COURT OF WOOD COUNTY, OHIO, JUVENILE DIVISION, ERRED IN ADJUDICATING GARY CARR, JR., A DELINQUENT CHILD, FOR VIOLATING R.C. §2913.03 - UNAUTHORIZED USE OF A VEHICLE - BECAUSE HE WAS ONLY CHARGED WITH VIOLATING R.C. §2913.51 - RECEIVING STOLEN PROPERTY - AND UNAUTHORIZED US OF A MOTOR VEHICLE IS NOT A LESSER INCLUDED OFFENSE OF RECEIVING STOLEN PROPERTY.

"B. THE COMMON PLEAS COURT OF WOOD COUNTY, OHIO, JUVENILE DIVISION, ERRED TO THE PREJUDICE OF GARY CARR, JR., WHEN IT FAILED TO DISMISS THE COMPLAINT AGAINST HIM PURSUANT TO RULE 29 OF THE OHIO RULES OF JUVENILE PROCEDURE AFTER IT FOUND THAT THE STATE OF OHIO HAD FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT HE HAD VIOLATED R.C. §2913.51 (a - RECEIVING STOLEN PROPERTY - RESULTING IN A DENIAL OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES.

"C. THE COMMON PLEAS COURT OF WOOD COUNTY, OHIO, JUVENILE DIVISION, ERRED IN ADJUDICATING GARY CARR, JR., A DELINQUENT CHILD BECAUSE ITS DECISION WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."

The facts that are relevant to the issues on appeal that are not in dispute are as follows. On November 24, 1988, appellant was riding his bicycle on Leland Street in the city of Toledo when Mike Weber drove up in a brown station wagon and invited appellant to go riding with him. Appellant was acquainted with Weber and, after leaving his bicycle at his grandmother's house, got into the front passenger seat of the car and rode off with him. They first drove to Oregon, Ohio, where they picked up Daniel Weil and then proceeded to Northwood where they picked up Kim Kayser.

Both Weil and Kayser entered and remained in the back seat of the car. Weber ultimately drove to the Rossford Marina in Rossford, Ohio, where all four left the car and walked down to sit by the water. While they were there, the Rossford police arrived at the scene in response to a report of a suspicious vehicle. When first questioned by the police regarding identification, three of the four, including appellant, gave false information. Once the police determined that the car was stolen, they arrested all four who then gave their proper names. Appellant was charged with receiving stolen property, in violation of R.C. 2913.51.

On April 13, 1989, an adjudicatory hearing was held in the Juvenile Division of the Wood County Court of Common Pleas. In addition to the undisputed facts as set forth above, there was disputed testimony at trial that appellant had acknowledged to the police that he saw that the car was being driven without a key and that when he asked Weber about it, Weber told him that he had rigged it up so it would drive that way. Appellant testified that he did not know the car was stolen until Weber told him after the police had arrived at the scene. On April 20, 1989, the court entered its judgment finding as follows:

> "* * * The Court finds that the original complaint charging, Receiving Stolen Property, was not proven beyond a reasonable doubt as to each element. However, the Court does find that the State proved a violation of Ohio Revised Code Section 2913.03, Unauthorized Use of Motor Vehicle beyond a reasonable doubt. The finding is based upon the same factual allegations less the element of intent to commit a theft offense. The Court holds that no prejudice resulted to the juvenile or counsel since the relevant facts and elements for both charges are similar minus the intent to commit a theft offense.
> * * *"

It is from this judgment that appellant brings this appeal.

In support of his first assignment of error, appellant argues extensively that the trial court erred in considering unauthorized use of a motor vehicle, as set forth in R.C. 2313.03, as a lesser included offense of receiving stolen property, a set forth in 2313.51. Upon examination of the trial court's finding as stated in open court and the final judgment entry, this court cannot find that the trial judge did in fact base his decision on such a consideration. Therefore, while appellant is entirely correct in his assertion that unauthorized use of a motor vehicle is not a lesser included offense of receiving stolen property, the first assignment of error is found not well-taken.

In his third assignment of error, appellant argues that the trial court's adjudication of appellant as delinquent was contrary to the manifest weight of the evidence. Appellant bases his argument on the trial court's finding that the element of intent to commit a theft offense had not been proven beyond a reasonable doubt.

Upon review of the entire record of proceedings in the trial court, particularly the statements made by the court at the conclusion of the trial and the final judgment entry, it is clear that the court found that the prosecution had not proven beyond a reasonable doubt that appellant knew or had reasonable cause to believe that the vehicle was stolen at the time that he was riding in it with Weber. As applicable here, the scienter element of the offense of receiving stolen property, R.C. 2913.51 (A), is "* * * knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."

As applicable here, the scienter element of the offense of unauthorized use of a motor vehicle, R.C. 2913.03 (A), is to "*** knowingly use or operate [a] * * * motor vehicle *** without the consent of the owner or person authorized to give consent."

When considering the knowledge requirements for proof of these offenses and applying those requirements to the trial court's findings in this case, an inconsistency is clearly evident. It is not reasonable to say that there was not proof beyond a reasonable doubt as to whether appellant knew or had reasonable cause to believe that the car was stolen but there is proof beyond a reasonable doubt that appellant knew that the vehicle was being operated without the consent of the owner. In accordance with the foregoing, appellant's third assignment of error is found well-taken.

In his second assignment of error, appellant argues that the trial court erred in finding him in violation of R.C. 2913.03 when he was charged with a violation of R.C. 2913.51 and the court found that the prosecution had failed to prove beyond a reasonable doubt that he committed that offense. Upon consideration of

our findings as to appellant's third assignment of error above, this court finds that appellant's second assignment of error is rendered moot and is, therefore, not well-taken.

On consideration whereof, appellant Gary Carr, Jr. was prejudiced and denied a fair trial and the judgment of the Wood County Court of Common Pleas, Juvenile Division, is reversed and appellant is hereby discharged. Costs assessed against appellee.

*JUDGMENT REVERSED*

HANDWORK, P.J.
ABOOD, J.

Prior to his death, Judge John J. Connors, Jr., did participate in the decision-making process of this case.